IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICHARD ALLEN HOVDE, ) | |
| ) | |
| Plaintiff, ) | Case No. CV04-448-S-LMB |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| THOMAS BEAUCLAIR, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the Court in this civil rights action are the following: Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Docket No. 14), Plaintiff's Motion for Preliminary Injunction (contained in the Complaint, Docket No. 3), and Plaintiff's Motion to Appoint Counsel (Docket No. 23). Having carefully considered the motions, responses, and replies, if any, the Court enters the following Order.

## I.

## PENDING MOTIONS

Plaintiff has experienced abdominal pain and blood in his stool over a period of several years. He has undergone extensive medical testing to try to determine a diagnosis, but all of the tests have been negative. He was recently diagnosed with Irritable Bowel Syndrome. Plaintiff asserts that Defendants have been deliberately indifferent to his symptoms.

**ORDER  1**

Defendants have filed a Motion to Dismiss, asserting that Plaintiff did not properly exhaust his administrative remedies. Alternatively, Defendants assert that Plaintiff has received adequate health care, and that they are entitled to summary judgment on the merits of Plaintiff's claims. Plaintiff has responded to the Motion to Dismiss, but he has not responded to the alternative Motion for Summary Judgment. The Court will permit Plaintiff an additional time period in which to respond to the course of treatment outlined in Rebekah Haggard's Affidavit (Docket No. 18), submitted in support of the Motion for Summary Judgment. Plaintiff must particularly point out how and when *each* Defendant was deliberately indifferent to his medical condition. The Court will also require Defendants to produce a complete set of Plaintiff's medical records for the Court's review, including all recent records.

Plaintiff has again requested appointment of counsel. The Court previously declined to appoint counsel for Plaintiff, but stated that would be reconsidered at a later date if it appeared appropriate. After reviewing Defendants' filings, the Court concludes that Plaintiff does not have a high likelihood of success on the merits, given that Plaintiff's course of treatment appears very extensive and that the issue is deliberate indifference, not negligence or medical malpractice. As a result, the Court will deny the Motion for Appointment of Counsel.

**ORDER  2**

## II.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

A.      Plaintiff shall have until **May 31, 2005** in which to file a response to Defendants' alternative Motion for Summary Judgment on the merits of his claims (Docket No. 14);

B.     Defendants shall file a complete set of Plaintiff's medical records with the Court no later than **May 31, 2005**;

C.     Defendants may file a reply to Plaintiff's response no later than **June 10, 2005**; and

D.     Plaintiff's Motion to Appoint Counsel (Docket No. 23) is DENIED.



DATED:  **May 11, 2005**.

_____
Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**ORDER**  3